# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANNA MAURINE GRIMES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-08-1222-D |
| ) | |
| CIRRUS INDUSTRIES, INC.; CIRRUS DESIGN ) | |
| CORPORATION; TELEDYNE CONTINENTAL ) | |
| MOTORS, INC.; and TELEDYNE ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is the Motion [Doc. No. 85] of Teledyne Continental Motors, Inc. ("TCM") asking the Court to reconsider its April 12, 2010 Order denying TCM's motion to dismiss for lack of personal jurisdiction. In the alternative, TCM asks the Court to certify an interlocutory appeal pursuant to 28 U. S. C. § 1292(b). Plaintiffs have timely objected to the Motion.

I. Motion to reconsider:

Pursuant to Fed. R. Civ. P. 54(b), TCM asks the Court to reconsider its Order, arguing that the Court incorrectly concluded that Plaintiffs satisfied their *prima facie* burden of presenting sufficient facts to allow the exercise of personal jurisdiction over TCM. Plaintiffs contend that TCM has not presented a proper basis for reconsideration under Rule 54(b).

The Federal Rules of Civil Procedure do not recognize a motion to reconsider. *Computerized Thermal Imaging, Inc. v. Bloomberg, L. P.,* 312 F. 3d 1292, 1296 n. 3 (10th Cir. 2002); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U. S. 828 (1992). However,

Rule 54(b) grants a district court the discretionary authority to revise interlocutory orders at any time before the entry of a final judgment. *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991); *Anderson*, 852 F.2d at 1246. To determine the propriety of reconsideration under Rule 54(b), courts apply the legal standards applicable to a Rule 59(e) motion to alter or amend a judgment. *Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 ( N. D. Okla. 2010); *Sump v. Fingerhut, Inc.*, 208 F. R. D. 324, 326-27 (D. Kan. 2002) (citing *Renfro v. City of Emporia*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)) (courts turn to the standards established under Rule 59(e) when considering a possible revision of an interlocutory order).

Accordingly, a Rule 54(b) motion to reconsider should be granted only upon the grounds recognized by Rule 59(e):

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice.

*Servants of Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see also Van Skiver,* 952 F.2d at 1243. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F. 3d at 1012. " It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In this case, TCM does not contend that there has been an intervening change in the controlling law, nor does it offer new and previously unavailable evidence. Instead, it argues that the Court incorrectly determined that sufficient facts were presented to satisfy Plaintiff's *prima facie* burden. The Court concludes that TCM's contentions do not warrant reconsideration of the April Order denying its motion to dismiss, and the motion to reconsider is DENIED.

2

II. Motion to certify interlocutory appeal:

A. Requirements for 28 U. S. C. § 1292(b) certification:

Pursuant to 28 U. S. C. § 1292(b), district courts have the discretionary authority to authorize an appeal of an interlocutory order where such appeal is not otherwise provided by statute. *Swint v. Chambers County Commission*, 514 U. S. 35, 47 (1995). Section 1292(b) provides:

> When a District Judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, in exercising its discretion to certify an order for interlocutory appeal, the Court must make each of the following findings: 1) the order is not otherwise appealable; 2) the order involves a controlling question of law; 3) there is substantial ground for difference of opinion as to the question at issue; and 4) an immediate appeal will materially advance the termination of the litigation.

B. Application:

To determine if certification is appropriate, the Court must apply the § 1292(b) requirements to the facts of this case. The Court's application follows.

1. Whether the Order is otherwise appealable:

In this case, the April 12 Order is not otherwise appealable by statute. Therefore, the initial requirement of § 1292(b) is satisfied.

2. Whether the Order presents a controlling question of law:

The Tenth Circuit has not expressly determined whether the question of personal jurisdiction presents a question of law or of fact. In this case, the parties' briefs directed at the motion to dismiss focused on factual issues regarding the extent of TCM's business activities in Oklahoma;

there was no dispute regarding the legal standards governing personal jurisdiction. Instead, the question raised by the motion was whether the application of the facts of this case to those standards should result in a conclusion that TCM's contacts with the Oklahoma are sufficient to allow the Court to exercise jurisdiction over it in this case.

Even if the question of personal jurisdiction is regarded as a legal question, however, applicable authorities consistently hold that § 1292(b)'s "controlling question of law" requirement anticipates that immediate appellate reversal of the order in question will result in some *immediate effect* on the course of the litigation and in some resource savings to the court or the litigants. *See* Note, *Interlocutory Appeals in the Federal Courts Under § 1292(b)*, 88 HARV. L. REV. 607, 618 (1975) (emphasis added); *see also Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Assoc., Inc.,* 86 F. 3d 656, 659 (7th Cir. 1996) (stating question of law may be "controlling" if resolution is likely to affect the further course of litigation); and 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice & Procedure*, § 3930 n. 25 (2d Ed. 1996) (growing number of decisions have accepted question as controlling if possible reversal may save time for court or litigants). A question is considered controlling for § 1292(b) purposes if its incorrect disposition would require reversal of a final judgment. *Id.* at n. 19.

In this case, if a final judgment is appealed and the appellate court concludes this Court lacks jurisdiction over TCM, reversal of the final judgment would occur. Applying that rationale, the question of exercising jurisdiction over TCM could be viewed as a controlling question.

3. <u>Whether there exists a substantial ground for difference of opinion on a controlling legal question:</u>

Assuming that the question of personal jurisdiction is viewed as a legal question rather than a factual one, the Court must also examine the next § 1292(b) requirement and determine if there is a substantial ground for a difference of opinion as to that question. In its motion, TCM does not argue that the Court committed an error of law in its determination that TCM has sufficient contacts to permit the exercise of personal jurisdiction over it in this forum. Instead, it argues the facts before the Court do not support jurisdiction; thus, it disagrees with the Court's factual analysis.

Obviously, decisions finding the existence or lack of personal jurisdiction are subject to some dispute because the specific facts of each case must be applied to the law governing personal jurisdiction. This Court remains convinced that its original application of the instant facts to the well-settled law of contacts-based personal jurisdiction is correct. While it is possible that other courts could disagree, TCM has not presented a persuasive argument that there is a *substantial* ground for disagreement. The Court finds that TCM cannot satisfy this requirement of § 1292(b).

4.  Whether an immediate appeal would materially advance the termination of the litigation:

Even if the Court determines the first three requirements of § 1292(b) are satisfied , it must also determine whether an immediate appeal would materially advance the termination of this litigation. According to the Tenth Circuit, this fourth requirement reflects the primary purpose of § 1292(b). *State of Utah v. Kennecott Corp.*, 14 F. 3d 1489, 1495 (10th Cir. 1994), *cert. denied,* 513 U.S. 872 (1994). As a result, § 1292(b) interlocutory appeals are "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Id.* (citing S. Rep. No. 85- 2434 (1958), *as reprinted in* 1958 U. S. C. C. A. N. 5255).

The Court is not aware of any decision which has expressly held that denial of a dismissal motion based on personal jurisdiction satisfies § 1292(b)'s primary purpose of materially advancing the termination of the litigation. However, some courts have ruled on the merits of § 1292(b) certified appeals based on personal jurisdiction disputes without addressing the propriety of the district court's certification. *See, e.g., EASB Group v. Centricut, Inc.*, 126 F. 3d 617, 622 (4th Cir. 1997); *Go-Video, Inc. v. Akai Electric Co., Ltd.,* 885 F.2d 1406, 1408 (9th Cir. 1989*); Army Times Publ'g Co. v. Watts,* 737 F.2d 1398, 1399 (11th Cir. 1984). Similarly, the Tenth Circuit has never explicitly ruled on the propriety of certifying a § 1292(b) interlocutory appeal of an order addressing personal jurisdiction, but has reached the merits of such issue in an unpublished decision. *See Cudd Pressure Control, Inc. v. Cornelius*, 1996 WL 122018, at *1 (10th Cir. Mar. 20, 1996) (unpublished opinion).

In *Cudd*, the Circuit did not discuss the issue of discretionary § 1292(b) certification, but accepted the appeal without comment and affirmed the district court's denial of the defendant's motion to dismiss. *Id.*, at *3.

However, in each of the foregoing decisions, a reversal of the trial court's order would have resulted in the dismissal of the only named defendant; thus, the litigation would have immediately terminated in the forum, creating a valuable time savings for the district court which certified the appeal. In contrast, a reversal of this Court's order denying TCM's motion to dismiss would result in the dismissal of only one defendant, and that would occur only after the delay necessitated by the Circuit's consideration of the appeal. Dismissing TCM from the litigation results in no time savings for this Court, as it must still adjudicate Plaintiffs' claims against the remaining defendant. Likewise, no time savings will inure to the benefit of the remaining parties. Consequently, an

immediate appeal in this case, even if successful, will do nothing to advance the ultimate termination of the action. Accordingly, even if the other requirements were satisfied, the final prong of § 1292(b) cannot be satisfied in this case. Because the requirements of § 1292(b) are not satisfied, the Court denies TCM's motion to certify an immediate appeal.

III. Conclusion:

For the foregoing reasons, TCM's motion to reconsider is DENIED. TCM's alternative motion for immediate certification of an appeal is also DENIED. The action will proceed accordingly.

IT IS SO ORDERED this 18th day of June, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE